**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                              Case No. 3:18-cr-90-J-34JBT

DEANGELO LENARD JOHNSON

## O R D E R

**THIS CAUSE** is before the Court on Defendant Deangelo Lenard Johnson's Motion to Dismiss Indictment (Doc. 40; Motion), filed on August 31, 2018. The government filed a response in opposition to the Motion on September 10, 2018. See Response in Opposition to Motion to Dismiss Indictment (Doc. 41; Response). Accordingly, the Motion is ripe for review.

**I.**     **Indictment and Relevant Statutes**

On May 23, 2018, the federal grand jury returned an Indictment (Doc. 1; Indictment) charging Johnson with one count of possessing a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). As alleged in the Indictment, the predicate misdemeanor domestic violence offense for the federal firearm charge is a June 14, 2010, Duval County, Florida, state court conviction for domestic battery. See Indictment at 1.

Section 922(g)(9) makes it "unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A) defines "misdemeanor crime of domestic violence" as an offense that:

> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, . . . [or] by a person with whom the victim shares a child.

18 U.S.C. § 921(a)(33)(A) (footnote omitted). Section 921(a)(33)(B) excludes certain persons from being considered to have been convicted of a misdemeanor crime of domestic violence. Relevant to the instant Motion, Section 921(a)(33)(B)(ii) provides:

> A person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (<u>if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense</u>) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii) (emphasis added).[1]

## II. Discussion

In the Motion, Johnson moves to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. See Motion at 1. Relying on Section 921(a)(33)(B)(ii)'s "civil rights restored" exclusion, Johnson argues that his state court misdemeanor conviction does not qualify as a § 922(g)(9) predicate offense because it did not result in a revocation of Johnson's civil rights.[2] Id. at 3. Johnson reasons that, for purposes of § 921(a)(33)(B)(ii), rights retained are equivalent to rights

---

[1] The other exclusions, which are not relevant here, exclude persons who were not represented by counsel, who did not receive a jury trial to which they were entitled, or who did not knowingly and intelligently waive their right to a jury trial when entering a guilty plea. See 18 U.S.C. § 921(a)(33)(B)(i).

[2] Like most states, Florida does not strip civil rights from individuals convicted of a misdemeanor. See Fla. Stat. §§ 790.23, 790.233. See also Logan v. United States, 552 U.S. 23, 31 (2007) ("Persons convicted of misdemeanors, however, even if they are repeat offenders, generally retain their civil rights and are not subject to firearms disabilities.").

2

revoked but later restored.  Id.  In Response, the government maintains that Johnson's argument is foreclosed by the United States Supreme Court's holding in Logan v. United States, 552 U.S. 23 (2007).  The Court agrees.

In Logan, the defendant pleaded guilty to being a felon in possession of a firearm, in violation of § 922(g)(1), which makes it unlawful for any person "who has been convicted of . . . a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.  18 U.S.C. § 922(g)(1).  Logan's criminal history included three prior state court misdemeanor convictions, each punishable by a 3-year maximum sentence, which "led the District Court to impose a 15-year prison term, the minimum sentence mandated by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) (2000 ed., Supp. V)." Logan, 552 U.S. at 26.  Logan challenged his ACCA sentence enhancement on appeal, arguing that his "misdemeanor convictions did not qualify as ACCA predicate offenses because they caused no loss of his civil rights" and therefore fell within a relevant exclusion.  Id. at 29.  Pertinent to Logan's appeal, § 921(a)(20) provides that: "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[3]  18 U.S.C. § 921(a)(20).

---

[3] Although § 921(a)(20)'s exclusion tracks the language of 921(a)(33)(B)(ii), it does not contain the § 921(a)(33) parenthetical recognizing that in some jurisdictions a misdemeanor conviction does not provide for the loss of civil rights.  Compare 18 U.S.C. § 921(a)(20), with § 921(a)(33)(B)(ii) ("A person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] if the conviction . . . is an offense for which the person . . . has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) . . . .) (emphasis added).

In rejecting Logan's argument that "[r]ights retained . . . are functionally equivalent to rights revoked but later restored," Logan, 552 U.S. at 29, the Supreme Court applied the ordinary meaning of § 921(a)(20)'s text and held "that the words 'civil rights restored' do not cover the case of an offender who lost no civil rights." Id. at 37. Importantly, the Court relied on Congress's enactment of §§ 922(g)(9), the offense with which Johnson is charged, and 921(a)(33)(B)(ii) as support for its conclusion that Congress did not intend for the "civil rights restored" exemption to apply to offenders who never had their civil rights revoked. Id. at 35-36. Indeed, the Supreme Court specifically stated that the parenthetical qualification contained in § 921(a)(33)(B)(ii) "shows that the words 'civil rights restored' do not cover a person whose civil rights were never taken away." Id. (citation omitted). Thus, although the Supreme Court was addressing a slightly different "civil rights restored" exception in the context of the ACCA, the Court's holding in Logan is undoubtably controlling here.

Additionally, appellate courts considering this issue before and after Logan have rejected the argument presented by Johnson. See, e.g., United States v. Bridges, 469 F. App'x 430, 431 (6th Cir. 2012) ("[T]he 'civil rights restored' clause . . . does not apply to an offender such as Bridges who lost no civil rights."); United States v. Brailey, 408 F.3d 609, 612 (9th Cir. 2005) ("Brailey's civil rights could not have been 'restored' in 2000 within the meaning of the federal exception because his misdemeanor conviction had not resulted in the loss of his civil rights as expressly required to qualify for the federal exception."); United States v. Jennings, 323 F.3d 263, 275 (4th Cir. 2003) ("Because Jennings' civil rights were neither revoked nor restored, he cannot take advantage of the restoration exception of 18 U.S.C. § 921(a)(33)(B)(ii). Accordingly, the district court did not err when it refused to

4

dismiss Jennings' indictment on the ground that he met the restoration exception of 18 U.S.C. § 921(a)(33)(B)(ii)."); United States v. Keeney, 241 F.3d 1040, 1043 (8th Cir. 2001) ("[A] defendant must have lost his or her civil rights pursuant to state statute in order to assert that the restoration exception is applicable.").

Here, Johnson was charged with a violation of § 922(g)(9) based upon an alleged prior conviction "of a misdemeanor crime of domestic violence, that is, Domestic Battery," in violation of Florida law. Indictment at 1. As noted by Johnson, under Florida law, such a misdemeanor conviction does not result in a revocation of his civil rights or effect his state law right to possess a firearm. See Motion at ¶¶ 8, 10. However, Federal law treats misdemeanor convictions for domestic violence differently. Pursuant to § 922(g)(9), it is unlawful for a person convicted of a "misdemeanor crime of domestic violence" to possess a firearm "in or affecting interstate commerce." 18 U.S.C. § 922(g)(9). Although § 921(a)(33)(B)(ii) excludes from the ambit of § 922(g)(9) a person who "has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)," this exclusion has no applicability to Johnson. Johnson's misdemeanor conviction did not result in a revocation of his civil rights. Thus, he cannot benefit from the "civil rights restored" exception contained in 18 U.S.C. § 921(a)(33)(B)(ii).[4] See Logan, 552 U.S. at 35-37. As such, the Motion is due to be denied.

---

[4] In the Motion, Johnson relies on United States v. Castleman, 572 U.S. 157 (2014). However, the Court in Castleman did not evaluate the § 921(a)(33)(B)(ii) "civil rights restored" exception. Instead, it considered the issue of what constitutes "physical force" under § 921(a)(33)(A).

Accordingly, it is **ORDERED**:

1. Defendant Deangelo Lenard Johnson's Motion to Dismiss Indictment (Doc. 40) is **DENIED**.

2. The status conference set for November 19, 2018, at 3:00 p.m. is reset for **Thursday, November 8, 2018, at 11:30 a.m.** in Courtroom 10B. Defendant is required to be present.

**DONE AND ORDERED** in Jacksonville, Florida on November 2, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc23
Copies to:
Counsel of Record

6